UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 16, 2019

Vanessa N. Dalrymple
193 Beach 112th Street
Apartment 1
Rockaway Park, NY 11694
*Pro se Plaintiff*

Maura E. Connelly, Esq.
Corporation Counsel
Jersey City Law Department
City Hall – 280 Grove Street
Jersey City, NJ 07302
*Counsel for Defendants City of Jersey City,*
*Jersey City Police Department, and*
*Captain Anthony Genova*

Michael L. Dermody, Esq.
Hudson County Counsel
Administration Building Annex
567 Pavonia Avenue
Jersey City, NJ 07306
*Counsel for Defendants Hudson County Correctional Facility,*
*HCCF Interim Director Eric M. Taylor, and*
*HCCF Director Ronald P. Edwards*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **Dalrymple v. City of Jersey City et al.**
**Civil Action No. 18-15134 (SDW) (LDW)**

Litigants:

Before this Court are: (i) Defendants City of Jersey City, Jersey City Police Department, and Captain Anthony Genova's (collectively, "Jersey City Defendants") Motion to Dismiss *pro se* Plaintiff Vanessa N. Dalrymple's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); (ii) Defendants Hudson County Correctional Facility ("HCCF"), HCCF Interim Director Eric M. Taylor, and HCCF Director Ronald P. Edwards'

(collectively, "Hudson County Defendants") Motion to Dismiss Plaintiff's Amended Complaint;[1] and (iii) Plaintiff's Motion for Pro Bono Counsel. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, the Jersey City Defendants and Hudson County Defendants' respective Motions to Dismiss are **GRANTED**, and the Amended Complaint is **DISMISSED** against all Defendants. In addition, Plaintiff's Motion for Pro Bono Counsel is **DENIED**.

## I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff, a New York resident, alleges that her child's father, Cheron Bethea ("Bethea"), absconded with their infant son on August 24, 2016. (ECF No. 4 ¶¶ 1, 33-34.) On September 29, 2016, Plaintiff contacted New York City's Administration for Children's Services ("ACS"), ACS contacted law enforcement, and a search for Bethea and Plaintiff's son began. (*Id.* ¶ 35.) On October 21, 2016, Plaintiff went to Bethea and his girlfriend Aaliyah Muhammed's ("Muhammed") residence in Jersey City, New Jersey, looking for her son. (*Id.* ¶¶ 36-37.)[2] As Bethea was approaching his home with his son, Jersey City officers arrested Bethea and took custody of the child. (*Id.* ¶ 38.) Plaintiff alleges that she was waiting inside Bethea's home when Jersey City police officers stormed in, mistook her for Muhammed, and used excessive force to arrest her. (*Id.* ¶¶ 37, 39-40, 44.)

Plaintiff was subsequently transported to Jersey City Medical Center where she claims that she was sedated against her will and fingerprinted. (*Id.* ¶ 47.) Thereafter, Plaintiff was booked "on charges of obstruction and hindering." (*Id.* ¶ 48.) Though Plaintiff told officers her name, on October 26, 2016, she was fingerprinted for a second time as Muhammed. (*Id.*) She was then transported and lodged at HCCF where she refused to be fingerprinted again the next day. (*Id.* ¶¶ 48-49.)

Plaintiff alleges she ultimately consented to being fingerprinted for a third time on or about December 6, 2016. (*Id.* ¶¶ 50-51.) Her bail was set two days later, and on December 17, 2016, her sister posted bail. (*Id.* ¶¶ 51-52.) However, on December 18, 2016, HCCF and/or unknown corrections officers allegedly had Plaintiff committed for a psychiatric evaluation at Jersey City Medical Center under the name "Aaliyah Muhammed." (*Id.* ¶ 53.) She was discharged that same day. (*Id.*) The charges against Plaintiff were dismissed on January 19, 2017. (*Id.* ¶ 54.)

On October 19, 2018, Plaintiff commenced the instant action against the Jersey City Defendants, Philip D. Zacche ("Zacche")[3], the Hudson County Defendants, and various fictitious

---

[1] Hudson County Defendants' motion, which was incorrectly labeled as a "cross motion" and included a standard of review for summary judgment, seeks dismissal based on Plaintiff's failure to state a claim. (ECF No. 40.) Because Hudson County Defendants filed an answer in this action on January 3, 2019, (ECF No. 8), this Court will treat their motion to dismiss as though it were brought under Rule 12(c). *See JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. 18-5221, 2019 WL 1951123, at *2-3 (D.N.J. May 2, 2019) ("When adjudicating a motion for judgment on the pleading that seeks dismissal for failure to state a clam, the court applies the same standard as under Rule 12(b)(6).").
[2] Though the Amended Complaint states that this occurred in 2018, this Court understands Plaintiff to mean 2016.
[3] Plaintiff alleges that at all relevant times, Zacche was Chief of Police of Jersey City's Police Department. (*Id.* ¶ 4.)

2

defendants. (ECF No. 1.) On November 13, 2018, Plaintiff filed a ten-count Amended Complaint alleging: (i) 42 U.S.C. § 1983 claims; (ii) *Monell* claims against the Jersey City Defendants, Hudson County Defendants, Zacche, and unnamed supervisors and training officers; (iii) violations of New Jersey's Constitution and Civil Rights Act ("NJCRA"); (iv) assault and battery; (v) negligence; (vi) emotional distress; (vii) abuse of process and authority; (viii) malicious prosecution; (ix) false arrest and false imprisonment; and (x) civil conspiracy. (ECF No. 4.) On June 10, 2019, the Jersey City Defendants filed a Motion to Dismiss, and on July 1, 2019, the Hudson County Defendants also moved for dismissal. (ECF Nos. 37, 40.) Plaintiff did not timely oppose either motion. Rather, on or about August 12, 2019, this Court received Plaintiff's request for an extension of time to respond along with a Motion for Pro Bono Counsel.[4] (ECF No. 41.)

## II. STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint

---

[4] It is noted that Plaintiff was initially represented by counsel at the commencement of this suit until her attorney was permitted to withdraw from the case pursuant to Magistrate Judge Leda Dunn Wettre's order, dated March 19, 2019. (ECF No. 32.) Pursuant to said order, Plaintiff had until April 19, 2019 to find substitute counsel or she would be deemed to be *pro se*. (*Id.* at 2.) Whereas neither Plaintiff nor anyone on her behalf has entered an appearance in this matter, it is understood that she is now proceeding as a *pro se* litigant.

This Court will briefly address Plaintiff's Motion for Pro Bono Counsel. (ECF No. 41.) In civil matters, litigants do not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In exercising that discretion, a court first assesses whether the presented claims have merit; where a plaintiff presents meritorious claims and has shown her indigence, the court must weigh the relevant factors to determine whether counsel should be appointed. *Tabron*, 6 F.3d at 155-57. For the reasons discussed herein, the Amended Complaint fails to state a claim upon which relief may be granted. Even if Plaintiff's claims were sufficiently pled, this Court is not persuaded that Plaintiff cannot attain or afford counsel on her own behalf. Plaintiff never applied to proceed *in forma pauperis*, and until March 19, 2019, she was represented by private counsel. Therefore, Plaintiff's Motion for Pro Bono Counsel will be denied.

should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

#### A. Section 1983 & NJCRA Claims

Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). The NJCRA is a "State analog to the federal civil rights statute[,]" *Perez v. Zagami, LLC*, 94 A.3d 869, 875 (N.J. 2014), that "applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws[,]" *Gormley v. Wood-El*, 93 A.3d 344, 358 (N.J. 2014).

In Count One, Plaintiff alleges that unnamed Jersey City police officers and HCCF corrections officers violated her First, Fourth, Eighth, and Fourteenth Amendment rights. (ECF No. 4 ¶¶ 60-64.) Though unclear from the pleadings, Count Three presumably alleges those same violations under the NJCRA. (*Id.* ¶¶ 78-85.) This Court finds that Plaintiff's bare bones complaint has lumped the defendants and claims together in an overly broad fashion.[5] As such, Counts One and Three will be dismissed.[6]

#### B. *Monell* & Supervisory Liability

Generally, a public entity is not liable under 42 U.S.C. § 1983 for the actions of its employees unless the injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy[.]" *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "Where the policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact.'" *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)).

Similarly, "supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm[.]" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted)). Liability can also attach against supervisors "if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Id.*

---
[5] This Court also notes that Plaintiff has failed to provide any facts to support the allegation that her First Amendment "right[] to expression" was violated. (*Id.* ¶ 61.) Furthermore, because Plaintiff was a pre-trial detainee at all relevant times, she has not set forth a viable Eighth Amendment claim. *See Norman v. Haddon Twp.*, No. 14-06034, 2017 WL 2812876, at *5 (D.N.J. June 29, 2017) ("Eighth Amendment Cruel and Unusual Punishments Clause does not apply until an inmate has been both convicted of and sentenced for his crimes.").

[6] Additionally, as pled, the individual defendants would likely be entitled to qualified immunity. *See Wright v. City of Phila..*, 409 F.3d 595, 599-600 (3d Cir. 2005) (explaining that qualified immunity insulates public officials from suit unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

4

Here, Plaintiff has not set forth facts to suggest that a lack of training or supervision caused the alleged constitutional violations. *See Bocchino v. City of Atl. City*, 179 F. Supp. 3d 387, 400 (D.N.J. 2016) ("[T]he deficiency in training [must have] actually caused the constitutional violation." (quoting *Thomas*, 749 F.3d at 222)).[7] Additionally, Plaintiff does not allege that the supervisory defendants (*i.e.*, Zacche, Captain Anthony Genova, HCCF Interim Director Eric M. Taylor, HCCF Director Ronald P. Edwards, and the unnamed supervisors and training officers) personally participated in or had knowledge of the alleged violations of Plaintiff's rights. Therefore, Plaintiff's *Monell* claim under Count Two, and any claims of supervisory liability in Counts Two and Three will be dismissed.

C. New Jersey Tort Claims Act

Under the New Jersey Tort Claims Act ("TCA"), a plaintiff may seek relief against public entities or employees for certain common law torts. *S.R. v. City of Patterson*, No. 12-3823, 2015 WL 6164010, at *4 (D.N.J. Oct. 19, 2015) (citing N.J. Stat. Ann. § 59:1-2). As discussed above, the pleadings before this Court are insufficient to support Plaintiff's broadly asserted claims.[8] Therefore, Plaintiff's tort claims as articulated in Counts Four through Ten will be dismissed.

Additionally, the TCA contains a "verbal threshold" in order to recover for pain and suffering. N.J. Stat. Ann. § 59:9-2(d); *see also Nieves v. Office of the Pub. Defender*, Docket No. A-4475-17T4, 2018 WL 6186555, at *2 (N.J. Super. Ct. App. Div. Nov. 28, 2018). Specifically, it provides that

> [n]o damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.

---

[7] *See, e.g.*, *B.D. v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, No. 14-7232, 2015 WL 4508303, at *5-6 (D.N.J. July 24, 2015) (rejecting NJCRA claim based on *respondeat superior*, citing *Monell*, and stating that to succeed on the claim, the plaintiff must "allege that the supervisory defendants maintained a policy or custom regarding the alleged discrimination"); *Hudgon v. LaFleur*, No. 07-3626, 2010 WL 2950004, at *7 n.6 (D.N.J. July 22, 2010) ("[T]he Court sees no reason not to interpret the NJCRA consistent with *Monell* as precluding municipal liability absent an official pattern or practice.").

[8] For example, beyond conclusory statements, Plaintiff fails to sufficiently plead a malicious prosecution claim against unnamed Jersey City police officers and HCCF corrections officers. *See LoBiondo v. Schwartz*, 970 A.2d 1007, 1022 (N.J. 2009) (explaining that a plaintiff who alleges malicious prosecution must be able to show: "(1) a criminal action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff"). Not only has Plaintiff failed to allege facts to suggest that the defendants were motivated by malice, it is unclear from the pleadings what role HCCF corrections officers played in prosecuting Plaintiff when HCCF was merely housing Plaintiff while her criminal charges were pending. Additionally, Plaintiff has failed to provide "some factual basis to support the existence of the elements of a [civil] conspiracy, namely, agreement and concerted action." *Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, at *9 (D.N.J. Apr. 28, 2016); *see also Marrero v. Twp. of N. Bergen*, Docket No. A-1644-14T3, 2016 WL 4046740, at *8-9 (N.J. Super. Ct. App. Div. July 29, 2016).

5

N.J. Stat. Ann. § 59:9-2(d). Here, the Amended Complaint does not allege any facts to suggest that Plaintiff can meet the TCA's verbal threshold requirement necessary to maintain the causes of action alleged in Counts Four, Five, Six, Seven, Nine, and Ten. *See, e.g.*, *S.R.*, 2015 WL 6164010, at *4-5 (dismissing claims of assault and battery, intentional and negligent infliction of emotional distress, *respondeat superior* liability, negligence, and false arrest and imprisonment because the plaintiffs failed to satisfy a threshold showing of a serious injury under the TCA); *DelaCruz v. Borough of Hillsdale*, 870 A.2d 259, 268 (N.J. 2005) ("The clear terms of the [TCA] require that all claims—including those for false arrest and false imprisonment—must vault the verbal threshold in order to be cognizable.").[9]

## IV. CONCLUSION

For the reasons set forth above, the Jersey City Defendants and Hudson County Defendants' respective Motions to Dismiss are **GRANTED**, and the Amended Complaint is **DISMISSED** against all Defendants. In addition, Plaintiff's Motion for Pro Bono Counsel is **DENIED**. An appropriate Order follows.

                                                     /s/ Susan D. Wigenton
                                                  SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
      Leda Dunn Wettre, U.S.M.J.

---

[9] Additionally, Plaintiff impermissibly seeks punitive damages from public entities in Counts Four, Five, Six, and Seven. *See* N.J. Stat. Ann. § 59:9-2(c); *see, e.g., Gardner v. N.J. State Police*, No. 15-8982, 2017 WL 2955348, at *4 (D.N.J. July 11, 2017) ("[P]unitive damages are not available against municipality entities under the NJTCA, NJCRA, and § 1983.").